UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEY JACKSON,

    Petitioner,

Case No. 07-12545

v.

Honorable Patrick J. Duggan

GERALD HOFBAUER,

    Respondent.
_____/

## OPINION AND ORDER DENYING HABEAS PETITION AND DENYING CERTIFICATE OF APPEALABILITY

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 10, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Joey Jackson ("Petitioner"), a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 14, 2007, alleging he is being held in violation of his constitutional rights. Petitioner was convicted of armed robbery, Mich. Comp. Laws § 750.529; third-degree fleeing and eluding, *id.* § 257.602a(3)(a); carrying a concealed weapon, *id.* § 750.227; and possession of a firearm during the commission of a felony, *id.* § 750.227b, following a bench trial in Wayne County Circuit Court. In his petition he asserts that there was insufficient evidence to support his armed robbery and weapons related convictions and that he was denied his Sixth Amendment right to effective assistance of counsel.

On December 17, 2007, the government filed a response to the habeas petition. On July 18, 2008, this Court referred the matter to Magistrate Judge Paul J. Komives for a report and recommendation. On June 17, 2009, Magistrate Judge Komives issued his Report and Recommendation ("R&R") recommending that this Court deny Petitioner's request for habeas relief. Petitioner filed objections to the R&R on July 6, 2009.

**I. Standard of Review**

The parts of the R&R to which objections are made will be reviewed by the Court *de novo*. *See* FED. R. CIV. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Id.* (citations omitted); *see also Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

**II. Sufficiency of the Evidence**

In his R&R Magistrate Judge Komives concluded that the evidence presented at Petitioner's bench trial was sufficient to allow a rational factfinder to find Petitioner guilty beyond a reasonable doubt of armed robbery and the weapons offenses. Petitioner objects to this conclusion for two reasons: (1) the armed robbery victim failed to identify him as an assailant, and (2) his testimony regarding his non-criminal involvement in the incident went unchallenged. Neither objection entitles Petitioner to relief.

Although Petitioner's first objection implies otherwise, identity was not a contested issue during Petitioner's bench trial. Petitioner admitted that he was present at the scene of the crime and that he was one of two individuals who fled when police approached. (Trial Trans. at 49-50.) Furthermore, Petitioner had some of the victim's property in his

2

possession when he was subsequently arrested. (*Id.* at 51.) On these facts, a reasonable factfinder could conclude beyond a reasonable doubt that Petitioner was one of the assailants despite the victim's inability to identify Petitioner as such.[1]

Petitioner's second objection identifies the real issue from the bench trial: whether an armed robbery actually took place. According to Petitioner, the incident giving rise to his arrest began inside a local bar where his friend became involved in a fight with the victim. Petitioner's friend and the victim allegedly went outside to settle the fight and Petitioner followed. Petitioner claims that the victim voluntarily handed him his jacket in an effort to prove that he was not armed. When police pulled up a few moments later, Petitioner took off running with the jacket in hand. Petitioner denied taking the jacket by use of force or threat of force. (*Id.* at 46-50.) On these facts, Petitioner asserts that there was insufficient evidence to sustain his armed robbery conviction.

The problem with Petitioner's argument and second objection is that it entirely ignores the testimony of the victim in this case. The victim clearly testified that he never went into the bar, that he never fought with anyone from the bar, and that he only gave up his property because two masked men with guns demanded that he do so. (*Id.* at 22-23, 258.) Given this conflicting testimony, it was up to the factfinder to assess the credibility of Petitioner and the victim and decide who was being truthful. On habeas review, it is not up to this court to re-assess the factfinder's conclusion that the victim's testimony was more credible than that of Petitioner. *See, e.g.*, *United States v. Guthrie*, 557 F.3d 243,

---

[1] The victim testified that he could not identify his assailants because they wore masks during the robbery. (Trial Trans. at 13-14, 25-26.)

253 (6th Cir. 2009). Therefore, Petitioner is not entitled to relief on this claim.

### III. Ineffective Assistance of Counsel

In regard to Petitioner's ineffective assistance of counsel claim, Magistrate Judge Komives concluded that Petitioner failed to establish both deficient performance and prejudice. More specifically, Magistrate Judge Komives concluded that Petitioner's trial counsel exercised reasonable trial strategy in declining to call as a witness Petitioner's friend from the bar. Furthermore, Magistrate Judge Komives concluded that Petitioner failed to establish a reasonable probability that, had his friend testified, the outcome of the trial would have been different. Petitioner responds with factual and legal objections.

In analyzing the sufficiency of counsel's performance, Magistrate Judge Komives accepted as fact (1) that Petitioner's friend pled guilty to armed robbery against the victim in this case, and (2) that Petitioner denied that any armed robbery took place. Based on these facts, Magistrate Judge Komives noted that the friend's plea contradicted Petitioner's version of the events and concluded that it was reasonable for Petitioner's trial counsel to avoid presenting that contradiction to the court. Petitioner asserts, however, that he never denied that an armed robbery took place. Rather Petitioner contends that he only denied committing the armed robbery himself.

Having read the entire trial transcript, the Court disagrees with Petitioner's characterization of his testimony. Although Petitioner admitted during his testimony that his friend pulled a gun on the victim, Petitioner described this as occurring only after the victim pretended to be armed. Petitioner and his friend then proceeded to check the victim's person and vehicle for weapons. Before their check was complete, however, the

4

police pulled up and Petitioner and his friend ran. (*Id.* at 47-49.) At no point in his testimony did Petitioner admit or even suggest that his friend committed an armed robbery while he innocently checked the victim for weapons. Therefore, this Court agrees with Magistrate Judge Komives's conclusion that Petitioner's trial counsel exercised reasonable strategy in declining to call Petitioner's friend as a witness. Furthermore, Petitioner himself acknowledges that "[t]he decision whether to call a witness is presumed to be a matter of trial strategy, which this Court will not Second-gues [sic] with the benefit of hindsight." (Pet.'s Objs. at 3.)

Nonetheless, Petitioner goes on to assert that counsel's failure to investigate or interview his friend amounted to ineffective assistance of counsel. Even if this Court assumes that Petitioner's trial counsel failed to investigate and that this failure amounted to deficient performance, Petitioner has failed to establish a reasonable probability that the outcome of the trial would have been different absent the deficiency. There is no record evidence indicating, for example, what the testimony would have been had Petitioner's friend been called and, given the friend's plea to armed robbery, it is unlikely that his testimony would have created a reasonable doubt as to Petitioner's guilt.

Finally, Petitioner objects to Magistrate Judge Komives's recommendation that this Court deny his request for an evidentiary hearing. Magistrate Judge Komives concluded that Petitioner is not entitled to an evidentiary hearing because, pursuant to 28 U.S.C. § 2254(e)(2), he "failed to develop the factual basis of [his] claim in State court proceedings." Under this statute, "a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the

5

prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432, 120 S. Ct. 1479, 1488 (2000). The existence of diligence, in this regard, "depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.*, 529 U.S. at 435, 120 S. Ct. at 1490.

Having reviewed the relevant case law and Petitioner's objection, the Court agrees with Magistrate Judge Komives that an evidentiary hearing is inappropriate in this case. Although Petitioner requested an evidentiary hearing in state court, his request was denied because "he did not offer any proof to support his claim. . . . The court had no basis for determining if trial counsel erred in failing to call [Petitioner's friend] because [Petitioner] failed to present a record showing how [his friend's] testimony would have created reasonable doubt regarding [his] involvement in the robbery." *People v. Jackson*, No. 257101, 2005 WL 3500833 at *3 (Mich. Ct. App. Dec. 22, 2005). Given the nature of Petitioner's claim, it would be reasonable to expect him to support his request for an evidentiary hearing with an affidavit from his friend regarding the extent of Petitioner's involvement in the armed robbery. Petitioner failed to do so and has yet to produce any evidence, beyond his own assertions, as to how his friend's testimony would have cast reasonable doubt on his convictions.[2] Therefore, Petitioner's request for an evidentiary

---

[2]Petitioner asserts that, in addition to providing beneficial testimony, the mere presence of his friend would have helped his case because the trial judge mistakenly believed that he was the shorter of the victim's two assailants. Petitioner claims that, because of this mistake, he unfairly "inherited" responsibility for his friend's conduct.
 Although it is true that the trial judge referred to Petitioner as the smaller of the two assailants, this mistake worked—if at all—to Petitioner's advantage. The victim testified that he saw a gun in the taller assailant's hands and, though he believed the smaller assailant also possessed a gun, only one gun was recovered. Given the victim's testimony, the trial judge's alleged mistake could not have prejudiced Petitioner.

6

hearing is denied.

## IV. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whethewas nor to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[A] district judge who has just denied a habeas petition . . . . will have an intimate knowledge of both the record and the relevant law and could simply determine whether to issue the certificate of appealability when she denies the initial petition.")).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (quotation omitted). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that there was

sufficient evidence to support Petitioner's convictions or that Petitioner failed to meet his burden on his ineffective assistance of counsel claim.  Therefore, the Court denies a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner's petition for a Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A judgment consistent with this opinion shall issue.

s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Joey Jackson, #501946
Marquette Branch Prison
1960 U.S. Highway 41 South
Marquette, MI 49855

Laura A. Cook, A.A.G.